# CHARLESTON.

W. S. SIMMONS *v.* T. R. SIMMONS.

Submitted September 11, 1923.    Decided September 18, 1923.

COVENANTS—*Covenant of Special Warranty not Broken by Eviction of Covenantee by Reason of Title or Claim not at Time of Execution in Covenator or One Acquiring It by or Through Him.*

A covenant of special warranty of title to real estate is not broken by eviction of the covenantee by reason of any title or claim not at the time of the execution of the covenant in the covenantor or some person acquiring it from or through him.

94 W. Va.

Certified from Circuit Court, Roane County.

Action by W. S. Simmons against T. R. Simmons. A demurrer to the declaration was overruled as to the common counts but sustained as to the special counts, and the case certified thereon.

*Affirmed.*

*Thos. P. Ryan* and *S. P. Bell,* for plaintiff.
*Harper & Baker,* for defendant.

LITZ, JUDGE:

The plaintiff's declaration, in assumpsit, filed in the circuit court of Roane county, contains the common counts and a special count. The special count in effect charges that in consideration of the sum of $4,000, paid by the plaintiff to defendant, the defendant by deed of October 16th, 1903, conveyed to the plaintiff, with covenants of special warranty of title, a parcel of land situate in Roane county, West Virginia, containing 125 acres, more or less; that since said conveyance, in an equity suit against plaintiff, defendant, and others, prosecuted to final decree in this Court, the land has been recovered from the plaintiff by Earl Simmons, Susan Simmons and Lula A. Simmons, plaintiffs in that suit, under title "superior and paramount to that of the defendant or of the plaintiff, so acquired from the defendant"; that by reason of the premises plaintiff is entitled to recover from the defendant the purchase price of $4,000 for the said land, with interest thereon from the date of the conveyance.

The demurrer of defendant to the declaration and each count thereof was overruled as to the common counts, but sustained as to the special count. The case is certified here, by the court's motion, upon these rulings; and has been submitted on the brief of counsel for defendant alone, no argument being offered in behalf of the plaintiff.

The propriety of the court's action in sustaining the demurrer to the special count cannot be questioned. Plaintiff, of course, could not recover for alleged breach of the special warranty covenant unless he has been ousted by the defendant or some one claiming by, through or under him, by title

vested in the defendant at the time of, or prior to, the making of the covenant.

"A covenant by any such grantor 'that he will warrant specially the property hereby conveyed' shall have the same effect as if the grantor had covenanted that he, his heirs and personal representatives, will forever warrant and defend the said property unto the grantee, his heirs, personal representatives and assigns, against the claims and demands of the grantor and all persons claiming or to claim by, through, or under him." Section 14, Chapter 72, Code.

It is not alleged that the plaintiff was evicted by reason of any title vested in defendant at the time of or prior to the execution of the deed.

"A covenant of special warranty is not intended to bind the covenantor to indemnify the covenantee against eviction or damage by reason of any title or claim not, at the time of the execution of the covenant, in the covenantor or some person acquiring it from or through him.

"If at the time of the execution of a grant or bargain and sale of land, with a covenant of special warranty, the title to the land be in the third person, not because of any act or default of the covenantor, and such person afterwards asserts and enforces the title against the covenantee, the covenant is not thereby broken, and the covenantor is in no way responsible." *Western Mining & Manufacturing Company* v. *Peytona Cannel Coal Company,* 8 W. Va. 406.

The deed, of which the declaration makes profert and defendant craves oyer on demurrer, contains covenant of special warranty of title only. The common counts, being in the usual and proper form, the demurrer thereto was properly overruled.

We therefore affirm the circuit court.

*Affirmed.*